<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **AMERICAN FOREST & PAPER ASSOCIATION, et al.,** | )<br>)<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) **Docket No. 11-1125**<br>) **(and consolidated cases)** |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,** | )<br>)<br>) |
| Respondents. | )<br>) |

<u>**Joint Motion to Set Briefing Format and Schedule**</u>

Industry Petitioners,[1] Environmental Petitioners,[2] and Respondent United

States Environmental Protection Agency ("EPA") hereby submit this proposal to

---

[1] Industry Petitioners in Case No. 11-1125 (and consolidated cases) are American Forest & Paper Association; Alaska Miners Association; Alaska Oil and Gas Association; American Chemistry Council; American Coke and Coal Chemicals Institute; American Iron and Steel Institute; American Petroleum Institute; American Wood Council; ARIPPA; Ash Grove Cement Company; Auto Industry Forum; Biomass Power Association; Cement Kiln Recycling Coalition; CEMEX, Inc.; CEMEX Construction Materials Florida, LLC; Chamber of Commerce of the United States of America; Coalition for Responsible Waste Incineration; ConocoPhillips Alaska, Inc.; Corn Refiners Association; Council of Industrial Boiler Owners; Eastman Chemical Company; Energy Recovery Council; National Association of Manufacturers; National Oilseed Processors Association; Portland Cement Association; Rubber Manufacturing Association; Solvay USA, Inc.; Treated Wood Council; Waste Management, Inc.; Wheelabrator Ridge Energy, Inc.; Wheelabrator Technologies, Inc.; and WM Organic Growth, Inc.

set a briefing format and schedule in the above-captioned proceeding.  Counsel for Intervenor-Respondents[3] have been contacted, and none oppose this motion.

On August 6, 2013, EPA filed a motion to govern further proceedings requesting, among other things, that the Court order the parties to submit a proposed schedule and format for briefing by September 17, 2013.  On October 16, 2013, the Court issued an order directing the parties to submit proposed briefing formats within 45 days.[4]  The parties have conferred and reached consensus on a briefing schedule.  As noted below, the parties have reached a consensus on the length of some, but not all, of the briefs.  The parties are jointly submitting this proposal, which includes a consensus proposal for the briefing schedule and alternative proposals for the length of some briefs, in the interest of expediting the proceedings.

---

[2] Environmental Petitioners in Case No. 11-1125 (and consolidated cases) are Clean Air Council; Desert Citizens Against Pollution; Downwinders At Risk; Environmental Integrity Project; Huron Environmental Activist League; Louisiana Environmental Action Network; Montanans Against Toxic Burning; Partnership for Policy Integrity; and Sierra Club.

[3] Intervenor-Respondents are listed *infra* nn.6-7.

[4] Counsel for Industry Petitioners have given consent to Counsel for American Forest & Paper Association, et al. to sign this motion on their behalf.

1. **Briefing Format**

    a. **<u>Petitioners' Opening Briefs.</u>**  The parties propose that Industry Petitioners file a single opening brief and Environmental Petitioners file a single opening brief.

    Industry Petitioners propose to submit an opening brief of 18,000 words. In support of their request Industry Petitioners state as follows:  The two rules at issue in these consolidated cases involve emission standards for commercial and industrial solid waste incineration ("CISWI") units promulgated pursuant to section 129 of the Clean Air Act.[5]  The brief for the 32 Industry Petitioners must cover the application of the CISWI rules to parties from a wide variety of industries.  Petitioners include parties that represent a broad swathe of American industry, and these parties are affected by the CISWI rules in disparate ways.  Industry Petitioners have identified at least 10 separate issues they intend to brief related to, among others, the bases upon which incineration units become or remain subject to the CISWI rules, the methodology used by the EPA to establish the MACT floors, and the analyses used to set MACT floors for specific pollutants and specific subcategories of sources, many of which have little overlap and affect

---

[5] "Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources:  Commercial and Industrial Solid Waste Incineration Units," 76 Fed. Reg. 15704 (Mar. 21, 2011) and "Commercial and Industrial Solid Waste Incineration Units:  Reconsideration and Final Amendments; Non-Hazardous Secondary Materials That Are Solid Waste," 78 Fed. Reg. 9112 (Feb. 7, 2013).

only a subset of the Industry Petitioners. A joint brief with 18,000 words will allow Industry Petitioners to address the industry-specific and site-specific impacts of the CISWI rules.

In support of their request to file a separate opening brief with a limit of 14,000 words Environmental Petitioners state as follows: The interests of Environmental Petitioners are not aligned with the Industry Petitioners. The issues to be briefed by Environmental Petitioners generally relate to whether the section 129 standards are sufficiently stringent. Environmental Petitioners intend to challenge several distinct aspects of EPA's rule. *See* Non-Binding Statement Of Issues For [Environmental] Petitioners. First, Environmental Petitioners intend to argue that EPA exceeded its statutory authority or acted arbitrarily by setting different standards for CISWI that are not of a different class, type, or size. Environmental Petitioners intend to make this argument for several of EPA's many subcategories in this rule. Second, they intend to argue that EPA violated the Clean Air Act by failing to set standards for all CISWI (by exempting several of its subcategories from standards) and by failing to set standards for all pollutants the Clean Air Act requires EPA to regulate, in violation of Clean Air Act §§ 129(a)(1), 112(c)(6) & (9), 42 U.S.C. §§ 7429(a)(1), 7412(c)(6) & (9). Third, Environmental Petitioners intend to argue that EPA's methodology for establishing the statutory minimum stringencies ("floors") for its standards under Clean Air Act § 129(a)(2),

4

42 U.S.C. § 7429(a)(2), was unlawful under *Chevron* as well as arbitrary. Specifically, Environmental Petitioners intend to challenge several different aspects of EPA's floor methodology. *See National Ass'n of Clean Water Agencies v. EPA*, __ F.3d __ 2013 WL 4417438, at *12-*31 (D.C. Cir. August 20, 2013) (addressing several floor-related challenges under Clean Air Act § 129(a)(2)). Fourth, Environmental Petitioners intend to argue that EPA's standards do not require the "maximum" degree of reduction in emissions that is "achievable," as required by Clean Air Act § 112(d)(2), 42 U.S.C. § 7412(d)(2), for several categories or subcategories and for several pollutants. Fifth, Environmental Petitioners intend to argue that EPA's creation of an affirmative defense to penalties for the owners and operators of CISWI that violate their emission standards during periods of equipment malfunction is unlawful and arbitrary. In addition to their arguments, Environmental Petitioners will need to provide the mandatory sections of the brief that count towards the word limit. *See* Fed. R. App. P. 28(a)(4)-(8), 24(a)(9)(B); D.C. Circuit Rule 28(a)(6)-(7). Environmental Petitioners respectfully submit that they will need 14,000 words to adequately brief the issues they will raise.

      **b.**    <u>**Respondent's Brief.**</u>  The parties propose that Respondent EPA will submit a response brief of 32,000 words. In support of its request to file a Respondent Brief of 32,000 words EPA states as follows: As outlined herein, the

Industry petitions involve multiple petitioners representing varied industries who claim to be affected by the subject rules in many disparate and varying ways, and in addition involve a multitude of issues raised by the Environmental Petitioners. Accordingly, EPA believes it needs a matching number of words as that provided in total to the two sets of Petitioners (Industry and Environmental) in order to adequately address the many unique issues likely to be raised, as reflected in the parties' respective Nonbinding Statements of Issues.

   c. **<u>Intervenor-Respondents' Briefs.</u>** The parties propose that Industry Intervenor-Respondents[6] file a single brief and Environmental Intervenor-

---

[6] Industry Intervenor-Respondents in Case No. 11-1125 (and consolidated cases) are Alaska Miners Association; Alaska Oil and Gas Association; American Chemistry Council; American Forest & Paper Association; American Wood Council; Auto Industry Forum; Chamber of Commerce of the United States of America; Coalition for Responsible Waste Incineration; ConocoPhillips Alaska, Inc.; Corn Refiners Association; Council of Industrial Boiler Owners; Eastman Chemical Company; Energy Recovery Council; National Association of Manufacturers; National Oilseed Processors Association; Portland Cement Association; Solvay USA, Inc.; Waste Management Inc.; Wheelabrator Ridge Energy, Inc.; Wheelabrator Technologies Inc.; WM Organic Growth Inc.; and WM Renewable Energy, LLC.

  The American Iron and Steel Institute, Biomass Power Association, and Rubber Makers Association are Industry Movant-Intervenor-Respondents in Case No. 11-1125 (and consolidated cases).  In a September 1, 2011 order, the Court referred a June 20, 2011 motion for leave to intervene as respondents filed by those three (and other) parties to the merits panel.  The other parties who joined in the June 20, 2011 motion are Intervenor-Respondents in Case No. 11-1125 (and consolidated cases) notwithstanding the Court's September 1, 2011 order because their motions for leave to intervene as respondents in challenges to the February 7, 2013 CISWI rule were granted by the Court.

Respondents[7] file a separate single brief. The interests of Industry Intervenor-Respondents and Environmental Intervenor-Respondents are not aligned; each group intends to help EPA defend against claims brought by the other.

Industry Intervenor-Respondents propose to file a brief of 12,000 words. In support of their request, Industry Intervenor-Respondents state as follows: The brief for the 22 Industry Intervenor-Respondents, and three Industry Movant-Intervenor-Respondents, must respond to the issues that have been raised by the Environmental Petitioners in their Nonbinding Statements of Issues filed with the Court. The 29 issues identified by the Environmental Petitioners (in Case Nos. 11-1183 and 13-1120) include challenges to the categories of sources EPA chose to regulate or to exempt from the CISWI rules, the stringency of the standards the EPA promulgated, and the pollutants that EPA subjected to the standards, each of which affect Industry Intervenor-Respondents and Industry Movant-Intervenor-Respondents in different ways. Therefore, Industry Intervenor-Respondents are seeking a brief of 12,000 words to provide a vigorous and helpful supplement to EPA's defense of its rule.

Because Environmental Petitioners propose to file only a standard length 14,000 word opening brief, they oppose as unnecessary Industry Intervenor-

---

[7] Environmental Intervenor-Respondents in Case No. 11-1125 (and consolidated cases) are the Clean Air Council; Huron Environmental Activist League; Montanans Against Toxic Burning; Partnership for Policy Integrity; and Sierra Club.

Respondents' request for an over-long 12,000 word response brief. Environmental Petitioners respectfully submit that Industry Intervenor-Respondents can respond to a standard length opening brief with a standard length intervenor brief, as contemplated by Rule 28.1(c) of the Federal Rules of Appellate Procedure and Circuit Rules 29(c) and 32(a)(2)(B). Further, if Industry Intervenor-Respondents are allowed a 12,000 word brief, Environmental Petitioners will be prejudiced by having to respond to EPA's 32,000 word brief and an Industry-Intervenor Respondents' over-long 12,000 word brief without a corresponding increase in the length of their reply brief. Accordingly, Environmental Petitioners oppose Industry Intervenor-Repondents' request for a 12,000 word brief.

      **d.**    **Reply Briefs.** Industry Petitioners propose to submit a 7,000 word reply brief. In support of their request, Industry Petitioners state as follows: The two CISWI rules will impact a wide variety of industrial facilities, including four separate subcategories of emission sources, and result in industry-specific and site-specific impacts. As noted above, the rules raise, and Industry Petitioners expect to brief, numerous issues that are not common among all Industry Petitioners. With a 7,000 word limit, Industry Petitioners will be able to respond to each of the relevant issues, and the Court will have the benefit of complete argument in the case.

Environmental Petitioners request a reply brief adjusted to reflect increases in the length of EPA and Industry Intervenor-Respondents' responsive briefs. If the Court grants EPA's request for a responsive brief of 32,000 words (to which Environmental Petitioners consent), but denies Industry Respondent-Intervenors' request for an over-long 12,000 word brief (which Environmental Petitioners oppose), Environmental Petitioners request a reply of 9,000 words, reflecting an increase equal to half the 4,000-word increase in EPA's responsive brief. If the Court grants Industry Respondent-Intervenors' request for a 12,000 word brief, however, Environmental Petitioners respectfully request a reply brief of 12,250 words. Environmental Petitioners respectfully submit that they would need 12,250 words to address the responsive arguments raised in the responsive briefs totaling 44,000 words that would be filed by EPA and Industry Respondent-Intervenors, if Industry Respondent-Intervenors' request for an over-length brief is granted.

**2.    Schedule.**  The parties propose the following schedule:

- Industry Petitioners' and Environmental Petitioners' opening briefs will be due February 19, 2014.

- EPA's response brief will be due June 3, 2014.

- Industry Intervenor-Respondents' and Environmental Intervenor-Respondents' briefs will be due July 3, 2014.

- Industry Petitioners' and Environmental Petitioners' reply briefs will be due July 17, 2014.

- The Deferred Joint Appendix will be due July 24, 2014.

- The final form briefs will be due July 31, 2014.

In addition, all parties request that the Court schedule oral argument in these consolidated cases as early as possible after the conclusion of briefing.

The parties are filing corresponding motions to set briefing schedules and formats in three other related cases: Case Nos. 11-1108, 11-1141, and 11-1148 (and cases consolidated with the foregoing cases). The parties believe it is appropriate to coordinate the briefing schedules of these cases as shown in the table below:

| Case No. | Pet'rs Opening Briefs | Resp't Brief | Intervenor-Resp'ts Briefs | Pet'rs Reply Briefs | Deferred Joint Appendix | Final Form Briefs |
|---|---|---|---|---|---|---|
| 11-1108 | 1/13/14 | 4/14/14 | 5/16/14 | 5/30/14 | 6/13/14 | 6/27/14 |
| 11-1141 | 1/27/14 | 4/30/14 | 5/30/14 | 6/13/14 | 6/27/14 | 7/11/14 |
| 11-1148 | 2/12/14 | 5/20/14 | 6/19/14 | 7/03/14 | 7/17/14 | 7/31/14 |
| 11-1125 | 2/19/14 | 6/03/14 | 7/03/14 | 7/17/14 | 7/24/14 | 7/31/14 |

Given the need for and complexity of coordination among such a large number of parties, the parties agree that it is important for all parties to use their best efforts to maintain the briefing schedule without requests for extensions.

WHEREFORE, the parties respectfully request that the Court enter an order setting the following schedule for briefing in Case No. 11-1125 (and consolidated cases). The alternative proposals on word limits also are set forth below.

| Filing | Due Date |
|---|---|
| Petitioners' Opening Briefs | February 19, 2014 |
| Respondent's Brief | June 3, 2014 |
| Intervenor-Respondents' Briefs | July 3, 2014 |
| Petitioners' Reply Briefs | July 17, 2014 |
| Deferred Joint Appendix | July 24, 2014 |
| Final Form Briefs | July 31, 2014 |

| Briefs | Industry Petitioners' Word Limit Proposal | Environmental Petitioners' Word Limit Proposal |
|---|---|---|
| Industry Petitioners' Opening Brief | 18,000 words | 18,000 words |
| Environmental Petitioners' Opening Brief | 14,000 words | 14,000 words |
| Respondent's Brief | 32,000 words | 32,000 words |
| Industry Intervenor-Respondents' Brief | 12,000 words | 8,750 words |
| Environmental Intervenor-Respondents' Brief | No position | 8,750 words |
| Industry Petitioners' Reply Brief | 7,000 words | 7,000 words |
| Environmental Petitioners' Reply Brief | No position | 9,000 words if EPA's brief is 32,000 words; 12,250 words if EPA's brief is 32,000 words and Industry Intervenor-Respondents are granted a 12,000 word brief |

Dated:  November 25, 2013                    Respectfully submitted,


Robert G. Dreher                              /s/ William L. Wehrum, Jr.
Acting Assistant Attorney General             William L. Wehrum, Jr.
                                              Hunton & Williams LLP
/s/ Norman L. Rave, Jr.                       2200 Pennsylvania Ave., NW
Norman L. Rave, Jr.                           Washington, D.C.  20037
Perry M. Rosen                                wwehrum@hunton.com
Environmental Defense Section                 (202) 955-1637
Environment & Natural Resources
Division                                      *Counsel for Petitioners American*
U.S. Department of Justice                    *Forest & Paper Association et al.*
P.O. Box 7611
Washington, D.C.  20044
Norman.Rave@usdoj.gov
Perry.Rosen@usdoj.gov

*Counsel for Respondent*

/s/ James S. Pew
James S. Pew
Neil E. Gormley
Earthjustice
1625 Massachusetts Avenue, NW
Suite 702
Washington, D.C.  20036
(202) 667-4500
jpew@earthjustice.org
ngormley@earthjustice.org

*Counsel for Environmental Petitioners*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I hereby certify that on this 25th day of November 2013, I caused the foregoing Joint Motion to Set Briefing Format and Schedule to be served on all ECF-registered counsel.

/s/ William L. Wehrum, Jr.